UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

JARED TRENKLE,

                Plaintiff,

      v.

NAVY GOLF COURSE, et al.,

                Defendants.

Case No. 8:25-cv-01122-SRM-KES

**ORDER TO SHOW CAUSE WHY THIS CASE SHOULD NOT BE REMANDED FOR LACK OF SUBJECT MATTER JURISDICTION**

On May 23, 2025, Plaintiff Jared Trenkle ("Plaintiff") removed this action from the Superior Court of the State of California, County of Orange. *See* Dkt. 1. On July 9, 2025, the Court granted Plaintiff's motion to extend time to serve Defendants. Dkt. 17. Plaintiff's deadline was August 9, 2025. *Id*. Plaintiff failed to file proof of service. On September 15, 2025, the Court ordered Plaintiff to show cause explaining why this case should not be dismissed for lack of prosecution ("OSC"). *See* Dkt. 18. Plaintiff submitted a declaration in response to the OSC. Dkt. 19. However, the the OSC date was continued to another date because Plaintiff failed to file proof of service. Dkt. 20. Plaintiff filed Proof of Service on October 20, 2025.

"Federal courts are courts of limited jurisdiction." *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377

-1-

(1994)). Federal district courts thus "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). There are two types of subject matter jurisdiction: federal question jurisdiction and diversity jurisdiction. 28 U.S.C. §§ 1331, 1332.

Federal district courts have original jurisdiction over claims arising under the Constitution, laws, or treaties. *See* 28 U.S.C. § 1331. Because the removal statute is strictly construed against removal jurisdiction, "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.3d 564, 566 (9th Cir. 1992) A district court must remand the case to state court if it appears at any time before final judgment that it lacks subject matter jurisdiction. 28 U.S.C. § 1447(c).

As a preliminary matter, the Court notes that Plaintiff removed this action from state court. Under 28 U.S.C. § 1441(a), a *defendant* may remove to federal court. Here, as it was Plaintiff who sought removal, removal is improper. Next, the Notice of Removal reflects that Plaintiff's claims arise from federal question jurisdiction. *See* Dkt. 1 at 2. Plaintiff did not provide the state court Complaint until they filed their declaration in response to the Court's first OSC. *See* Dkt. 19-1. The Complaint alleges causes of actions under two California Government Codes. *See id.* at 4–7. Thus, these claims do not arise from federal law and there is no federal question presented.

///

///

///

-2-

Accordingly, Plaintiff is **ORDERED TO SHOW CAUSE**, in writing and address why this case should not be remanded to state court for lack of subject matter jurisdiction **by 5 p.m. on February 9, 2026**. Plaintiff must also state how removal was proper under 28 U.S.C. § 1441(a). If Plaintiff does not file a timely response, the Court will regard the failure to respond as consent to remand this matter back to state court. Alternatively, the Court will consider a Notice of Remand or Voluntary Dismissal by Plaintiff as an appropriate response to discharge of this Order.

**IT IS SO ORDERED.**

Dated: February 5, 2026

HON. SERENA R. MURILLO
UNITED STATES DISTRICT JUDGE

-3-